UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 09-01530 RGK (FFMx)** | Date | July 23, 2009 |
|---|---|---|---|
| Title | **HODES v. VAN'S INTERNATIONAL FOODS, et al**. | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS)** Order Re Plaintiffs' Motion for Class Certification (DE 36)

**I.     INTRODUCTION**

On March 4, 2009, Gail Hodes, Elaine Goodfriend, and Ruth Stroud (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, filed suit against Van's International Foods ("Van's"), Healthy Food Holdings, Inc., Whole Foods Market California, Inc. ("Whole Foods"), Whole Foods Market, Inc., Trader Joe's Company ("Trader Joe's"), and Costco Wholesale Corporation ("Costco") (collectively, "Defendants").[1] Plaintiffs' claims arise from their purchase of frozen waffles with allegedly fraudulent nutritional information, manufactured by Van's and sold by retailers Whole Foods, Trader Joe's, and Costco.

Plaintiffs assert claims for (1) fraud, (2) breach of express warranty, (3) breach of implied warranty of fitness for a particular purpose, (4) false advertising in violation of California Business & Professions Code § 17500 et seq. (also known as California False Advertising Law ("FAL")), and (5) unfair business practices in violation of California Business & Professions Code § 17200 et seq. (also known as California Unfair Competition Law ("UCL")).[2] Plaintiffs seek both injunctive relief and damages.

Presently before the Court is Plaintiffs' Motion for Class Certification. For the following reasons, the Court **DENIES** Plaintiffs' Motion.

---

[1] On July 1, 2009, the Court dismissed Plaintiffs' claims against Whole Foods Market, Inc.

[2] On June 23, 2009, the Court dismissed Plaintiffs' fraud claims against Whole Foods, Trader Joe's, and Costco.

## II. FACTUAL BACKGROUND

The parties allege the following facts:

Van's manufactures, markets, and distributes frozen waffles in a variety of product lines throughout the United States. Van's markets its waffles as healthy and "all natural," and until late 2008, listed nutritional values on its packaging labels showing lower quantities of calories, fat, and sugar than its competitors.

Plaintiffs allege that these nutritional values were false, and that, in fact, Van's waffles contained significantly more calories, fat, and sugar than the labels represented. Plaintiffs further allege that Van's knew of the falsity as early as January 2007, but purposely did not change the labels until late 2008.

Plaintiffs now seek certification of a nationwide class of consumers who have been purportedly harmed by Defendants' misrepresentations. Plaintiffs propose the following class definition: All persons or entities who purchased Van's deceptively-labeled waffles for purposes other than resale or distribution during the Class period, which is defined as the four years preceding the filing of this action. (Pl.'s Mot. 3.)

## III. JUDICIAL STANDARD

A district court may certify a class action pursuant to Federal Rule of Civil Procedure 23 if it finds that a plaintiff has established each of the four prerequisites set forth in Rule 23(a). *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992) (citing *Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir. 1985)). These prerequisites are: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

In addition to finding that the four prerequisites of Rule 23(a) have been satisfied, the district court must also find that a plaintiff has established at least one of the three requirements of Rule 23(b). These requirements are: (1) the prosecution of separate actions would create a risk of (a) inconsistent or varying adjudications, or (b) individual adjudications dispositive of the interests of other class members not parties to those adjudications; (2) the party opposing the class has acted or refused to act on grounds that apply generally to the class; or (3) the questions of law or fact common to class members predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(b).

In evaluating whether plaintiffs have met their burden, the district court should accept the substantive allegations of the complaint as true. *Blackie v. Barrack*, 524 F.2d 891, 901 n. 17 (9th Cir. 1975).

## IV. DISCUSSION

Plaintiffs contend that their action should be certified as a class action because they satisfy all four prerequisites of Rule 23(a) and the requirements of Rule 23(b)(3). For the following reasons, the Court disagrees.

A.     **Rule 23(a)**

A plaintiff seeking class certification must establish each of the four prerequisites of Rule 23(a), which are commonly referred to as (1) numerosity, (2) commonality, (3) typicality, and (4) adequacy of representation. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). The Court finds that Plaintiffs have established each prerequisite.

*1.     Numerosity*

To show numerosity, Plaintiffs must establish that "the class is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1).

Here, Plaintiffs have satisfied the numerosity requirement because they have asserted a class of more than ten thousand members, and Defendants have chosen not to contest that number. (Pl.'s Mot. 4; Def.'s Opp'n 6.) Thus, the Court finds that Plaintiffs have established the prerequisite of numerosity.

*2.     Commonality*

To show commonality, Plaintiffs must establish that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). The requirements of Rule 23(a)(2) "[have] been construed permissively" and "are less rigorous than the companion requirements of Rule 23(b)(3)." *Hanlon*, 150 F.3d at 1019. "All questions of fact and law need not be common to satisfy the rule." *Id.* Rather, courts in the Central District have recognized that just one single issue common to the class will satisfy the rule's requirements. *Cervantez v. Celestica Corp.*, 253 F.R.D. 562, 570 (C.D. Cal. 2008) (quoting *Haley v. Medtronic, Inc.*, 169 F.R.D. 643, 648 (C.D. Cal. 1996).

Here, Plaintiffs have demonstrated that there is a single issue common to the class that arises from Van's allegedly fraudulent labeling and marketing of its frozen waffles. This issue involves whether Van's misrepresented the nutritional information of its frozen waffles, and if it did, whether Van's knew of the misrepresentations. (Pl.'s Mot. 4.) The Court considers this issue sufficient to satisfy the minimal requirements of Rule 23(a)(2), and thus, finds that Plaintiffs have established the prerequisite of commonality.[3]

*3.     Typicality*

To show typicality, Plaintiffs must establish that their claims "are typical of the claims … of the class." Fed. R. Civ. P. 23(a)(3). "Under the rule's permissive standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

Here, Plaintiffs have established typicality because their claims are typical of the claims of the class. As Plaintiffs point out in their Motion, they are asserting the same claims on behalf of themselves and the other class members. (Pl.'s Mot. 4.) Plaintiffs' and the other class members' claims arise out of the same conduct, Van's alleged misrepresentation, marketing, and sale of its frozen waffles. *Id.* at 4-5. Although Van's alleges that there are "individual permutations" of facts and that the named plaintiffs were "personally recruited" to bring this lawsuit, the Court finds neither argument persuasive to defeat typicality. Accordingly, the Court finds that Plaintiffs have established the prerequisite of typicality.

---

[3] The Court's finding of a common issue for purposes of Rule 23(a)(2) does not bear on its analysis of whether common questions of law or fact *predominate* over questions affecting only individual class members. *See infra* Part. IV.B.

### 4. *Adequacy of Representation*

To show adequate representation, Plaintiffs must establish that they will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). The adequacy requirement is satisfied if (1) the named plaintiffs appear to be able to prosecute the action vigorously through qualified counsel, and (2) the named plaintiffs do not have antagonistic or conflicting interests with the unnamed members of the class. *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978).

Here, Plaintiffs have demonstrated adequate representation because they have hired qualified counsel to bring this action, and there do not appear to be any conflicts of interest between the plaintiffs and the other class members. Plaintiffs' counsel has established through the declarations of attorneys Walter J. Lack and Paul A. Traina that it has vast experience prosecuting complex class action lawsuits and will sufficiently represent the interests of the class members in this case. (Lack Decl. 2-5; Traina Decl. 1-3.) Plaintiffs have also stated that they are asserting similar claims on behalf of themselves and the other class members so there is no evidence of any antagonistic or conflicting interests. (Pl.'s Mot. 4-5.) Thus, the Court finds that Plaintiffs have established the prerequisite of adequate representation.

For the above stated reasons, Plaintiffs have satisfied the prerequisites of Rule 23(a).

### B. **Rule 23(b)**

In addition to establishing the four prerequisites of Rule 23(a), a plaintiff seeking class certification must also satisfy one of the three requirements of Rule 23(b). Plaintiffs contend that their action is maintainable as a class action under Rule 23(b)(3).[4] The Court finds that Plaintiffs have failed to satisfy the requirements of Rule 23(b)(3).

### 1. *Rule 23(b)(3)*

A district court may certify a class action under Rule 23(b)(3) if it "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). In determining the superiority of a class action, courts consider the following four factors: (1) the class members' interests in individually prosecuting separate actions; (2) whether any litigation concerning the controversy has already been brought by class members; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. Fed. R. Civ. P. 23(b)(3)(a)-(d).

Upon consideration of these factors, the Court finds that (1) common questions of law and fact do not predominate over individualized issues, and (2) a class action is not superior to other methods for fairly and efficiently adjudicating this controversy.

The Court's decision is based on the fact that Plaintiffs have not alleviated the Court's concerns regarding the fourth factor of Rule 23(b)(3), the manageability of this class action. First, the sheer number of class members, which is in the "tens of thousands," causes the Court concern over managing the class. (Pl.'s Mot. 4.) Specifically, the Court has concerns about how Plaintiffs will identify each class member and prove which brand of Van's frozen waffles each member purchased, in what quantity, and for what purpose. The likelihood that tens of thousands of class members saved their receipts as

---

[4] Plaintiffs have not asserted that their action is maintainable under Rule 23(b)(1) or (2) so the Court does not address these provisions.

proof of their purchase of Van's waffles is very low.

Second, Plaintiffs only incidentally contend that the "individual nature of damages" in this case "does not overcome the predominance of common issues [of] liability." (Pl.'s Mot. 6.) To support their contention, Plaintiffs cite to *Blackie v. Barrack*, where the Ninth Circuit stated that "[t]he amount of damages is invariably an individual question and does not defeat class action treatment." 524 F.2d 891, 905 (9th Cir. 1975). However, in *Blackie*, the court reasoned that price inflation during the class period could be charted and individual damages could be calculated almost as a "mechanical task." *Id.* Here, Plaintiffs have not presented the Court with any indication of how to determine the amount of damages suffered by each class member. The Court will not engage in its own investigation as to which of Van's 19 frozen waffle varieties class members purchased, how much each class member spent, and whether those particular varieties contained nutritional inaccuracies.

Third, while Plaintiffs point out that they do not need to prove individual reliance by class members for any claim, Plaintiffs only address reliance issues as to their FAL and UCL claims. (Pl.'s Mot. 8.) While proof of individual reliance may not be necessary to assert claims under the FAL and UCL, *In re Tobacco II Cases*, 46 Cal. 4th 298, 312 (2009), Plaintiffs lose sight of the other individualized purchasing inquiries that remain in this case. Courts in the Ninth Circuit and in California have regularly found that where such inquiries predominate over common questions of law or fact, courts may refuse to certify a class action.[5] The Court here is not convinced that the common questions of Van's liability would predominate over the individual questions of *who* purchased Van's frozen waffles during the relevant class period, *which kind* of frozen waffles they purchased, *how many* they purchased, and whether the kinds they purchased contained false nutritional information.

The common questions presented by Plaintiffs in this matter do not outweigh the individual issues regarding class size, damages, and proof. As a result, the Court finds that Plaintiffs have not established that common questions predominate over questions affecting individual members and that a class action is the most superior method of adjudication.

Given that Plaintiffs have failed to satisfy the requirements of Rule 23(b)(3), the Court declines to certify Plaintiffs' proposed class.

---

[5] *See e.g., Mahfood v. QVC, Inc.*, 2008 WL 5381088, *4-5 (C.D. Cal. 2008) (refusing to certify a class action because there was no evidence of a single, uniform misrepresentation that deceived each class member in the same way); *Gonzalez v. Proctor and Gable Co.*, 247 F.R.D. 616, 623-24 (S.D. Cal. 2007) (finding that class members' potential lack of exposure to Defendant's misrepresentations presented significant individualized issues); *Caro v. Procter & Gamble Co.*, 18 Cal. App. 4th 644, 667-69 (1993) (affirming trial court's denial of class certification where defendant's alleged misrepresentations that its orange juice was "fresh" and "premium" would require individualized proof as to their materiality).

**V.      CONCLUSION**

In light of the foregoing, the Court **DENIES** Plaintiffs' Motion for Class Certification.[6]

**IT IS SO ORDERED.**

|                      | : |
|---|---|
| Initials of Preparer | slw |

---

[6] The Court also declines Plaintiffs' invitation to redefine the proposed class in a more restrictive manner.